Timothy W. Terrell
Assistant Attorney General
State of Alaska, Dept. of Law
Office of Special Prosecutions
   and Appeals
310 K St., Suite 308
Anchorage, Alaska 99501

Telephone: (907) 269-6250
Facsimile: (907) 269-6270

Attorney for Respondent Luna

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT O. DAVIS III, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> FRANK LUNA, Warden, ) <br> Florence Correctional Center, ) <br> ) <br> Respondent. ) <br> ) | Case No. A05-255 Civ. (TMB) <br><br> PARTIAL MOTION TO <br> DISMISS PETITION FOR <br> WRIT OF HABEAS CORPUS |

A.   Introduction

Petitioner Robert O. Davis has filed a petition for a writ of habeas corpus challenging his conviction of four counts of third-degree misconduct involving a controlled substance in Alaska Superior Court case no. 3AN-S01-1717 Cr.  This court has issued an order directing respondent Luna to file an answer or other responsive pleading.  This constitutes respondent's

responsive pleading. Transcripts of Davis's trial are available and being lodged with the court along with all the briefing and decisions from the Alaska Court of Appeals and Alaska Supreme Court.

B.   Factual and Procedural History

As reflected in the Alaska Court of Appeals' decision, *Davis v. State,* Memorandum Opinion & Judgment No. 4899 (Alaska App., August 4, 2004), Davis's convictions stemmed from controlled buys of cocaine made by an informant, Jeremy Fish, who was working for the Anchorage Police Department. *Davis*, mem. op. at 2. Fish was originally supposed to work in this capacity for the Nome Police Department, in exchange for dismissal of Nome burglary charges, but he left Nome before carrying out his end of the agreement. Mem. op. at 2. When he later arrived in Anchorage he turned himself in to the Anchorage Police Department, and eventually worked out a similar arrangement with the Anchorage Police Department. Mem. op. at 2-3.

Fish called Davis to arrange to buy cocaine, and the police set up a process where they searched Fish and his vehicle both before and after each buy, and followed Fish to the buy location (Davis's house) with multiple officers conducting surveillance from different vantage points. Mem. op. at 3. Davis emerged with the cocaine and gave it to the officers after they followed him back to a nearby church parking lot. Mem. op. at 3. Police subsequently

obtained a *Glass* warrant to record phone calls between Fish and Davis, and Fish made three additional cocaine buys from Davis before the police finally arrested Davis on the fourth buy. Mem. op. at 3-4. The police followed the same procedures with each buy, *i.e.*, searching Fish and his vehicle before and after the buy and following Fish to the buy location and monitoring the transaction from multiple surveillance points. Mem. op. at 3-4. The police also outfitted Fish with a body wire and recorded his conversations with Davis during the last three buys. Mem. op. at 3.

Davis was subsequently charged with four counts of third-degree misconduct involving a controlled substance. Mem. op. at 4. During the trial, Davis requested to have Nome Police Officer Daniel Bennett testify telephonically from Nome about his prior agreement with Fish to seek dismissal of the Nome burglary charges in exchange for Fish's making controlled drug buys, and Fish's reneging on that agreement. The prosecutor objected to Officer Bennett appearing telephonically, and the court denied Davis's request. The court also denied Davis's request to have the state pay for Officer Bennett's transportation costs so that he could fly to Anchorage and testify in person. Officer Bennett did not testify. After the close of evidence, Davis moved for a judgment of acquittal, claiming that Fish was a liar whose testimony was completely incredible, such that there was

insufficient evidence for reasonable jurors to convict. The court denied the motion and the jury subsequently found Davis guilty on all four counts.

Davis appealed to the Alaska Court of Appeals, raising several claims. First, he reiterated his claim that Fish was not credible and that his conviction was not supported by sufficient evidence. Second, he claimed that his Sixth Amendment right to compulsory process required the trial court to either allow him to present Officer Bennett's testimony telephonically or to require the state to pay for Officer Bennett to fly to Anchorage so he could testify in person.

The court of appeals rejected Davis claims. The court found that there was sufficient evidence to support Davis's convictions. Mem. op. at 4-5. The court rejected Davis's claim that he should have been allowed to present Officer Bennett's testimony telephonically, finding that (1) Alaska Criminal Rule 38.1 requires the consent of both parties for telephonic testimony and the state had objected, and (2) Davis had not made any constitutional claim below and could not show plain error. Mem. op. at 5-6. As to the plain error issue, the court noted that beyond conclusory citations to the state constitution and to the Sixth Amendment, Davis had presented no authority or analysis suggesting that the right to compulsory process includes the right to present witnesses telephonically. Mem. op. at 6. The court rejected Davis's alternative claim, that the state should have been required to pay for

Officer Bennett to fly to Anchorage, finding that Davis had made an insufficient showing of inability to pay those costs. Mem. op. at 6-7.

Davis subsequently filed a petition for hearing with the Alaska Supreme Court. Davis reiterated his claim that there was insufficient evidence to convict, as well as his claim that he should have either been allowed to present Officer Bennett's testimony telephonically or that the state should have been required to pay for him to fly to Anchorage. However, Davis did not present the latter two claims as federal constitutional claims.

As to the telephonic testimony issue, Davis claimed that even though Alaska Criminal Rule 38.1 requires the consent of both parties for a witness to testify telephonically, the court could have relaxed the mutual consent required based on its authority to relax the rules as given in Alaska Criminal Rule 53. Petition for Hearing at 4-5. Alternatively, Davis argued that the trial court was incorrect in believing it had no authority to order the state to pay Officer Bennett's transport costs and that Alaska Criminal Rule 17 did grant such authority. Petition for Hearing at 5-6. The Alaska Supreme Court denied Davis's petition on November 26, 2004.

C. <u>Discussion</u>

As is apparent from the Alaska Court of Appeals' decision, Davis's claim that there was insufficient evidence to support his conviction is without merit. *Davis*, mem. op. at 4-5. Nonetheless, because this claim is not

capable of resolution via a motion to dismiss, respondent will soon move for summary disposition of this claim. Respondent notes that Davis did exhaust the claim, the claim is not procedurally defaulted, and the claim is not barred by the statute of limitations for bringing habeas claims.

Davis's other claims related to Officer Bennett's testimony are likewise not barred by the statute of limitations. They are, however, procedurally defaulted, because Davis did not raise them as federal constitutional claims before the Alaska Supreme Court.

The Supreme Court noted in *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991), that it will not review a question of federal law decided by a state court if the decision of the state court "rests on a state law ground that is independent of the federal question and adequate to support the judgment." The Court held: "The doctrine [also] applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 729-30, 115 S.Ct. at 2554. The Court stated that such procedural default occurs "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the

exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1.

The Court has since reiterated that a failure to properly present and exhaust federal claims will ripen into a procedural default when the habeas petitioner is no longer able to return to state court to litigate the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999); *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Claims that have been procedurally defaulted in this fashion are precluded from habeas review unless the petitioner can demonstrate both cause and prejudice for the default. *Gray, id.*

In this case, Davis procedurally defaulted these claims by failing to exhaust them in state court when he had the opportunity to do so. Davis failed to exhaust them in state court by failing to properly present the substance of these claims as federal claims to the Alaska Supreme Court. Exhaustion requires that claims be presented to the state's highest appellate court, so long as an appeal to that court is part of the normal process of appellate review in that state. *O'Sullivan v. Boerckel*, 526 U.S. at 845, 119 S.Ct. at 1732.

In *Duncan v. Henry*, 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995), the Supreme Court made it clear that in order to "fairly present" a

claim, the highest state court must have been apprised that it was specifically being asked to address a federal constitutional issue, and not merely a question of state law:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

513 U.S. at 365-66, 115 S.Ct. at 888. The fact that the potential federal nature of the claim can be discovered through reading the opinions of the lower courts or the briefs filed in the lower courts is not enough. *Baldwin v. Reese,* 541 U.S. 27, 31-32, 124 S.Ct. 1347, 1350-51 (2004). As the Ninth Circuit recently explained in *Galvan v. Alaska Dept. of Corrections,* 397 F.3d 1198 (9th Cir. 2005):

> If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so. It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition.

*Id.* at 1204.

Davis's petition for hearing in the Alaska Supreme Court did not fairly present his claims as federal claims. Instead, it presented his claims as

claims for violation of state court procedural rules.  Moreover, Davis has no more opportunity to return to state court to raise them – the Alaska Supreme Court denied Davis's petition for hearing on November 26, 2004, and Alaska Statute 12.72.020(a)(3)(A) gave Davis one year from that date to file for post-conviction relief, and that time has passed without Davis doing so.

D. <u>Conclusion</u>

The court should dismiss Davis's claims related to Officer Bennett's testimony on the ground that they are procedurally defaulted.  The court should also reject Davis's sufficiency-of-the-evidence claim following the filing of a motion for summary disposition.

Dated this 3rd day of February, 2006, at Anchorage, Alaska.

> DAVID W. MÁRQUEZ
> ATTORNEY GENERAL
>
> s/ Timothy W. Terrell
>   Assistant Attorney General
>   State of Alaska, Dept. of Law
>   Office of Special Prosecutions
>     and Appeals
>   310 K St., Suite 308
>   Anchorage, Alaska 99501
>
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>   e-mail: tim_terrell@law.state.ak.us
>
>   Alaska Bar. No. 9011117

## Certificate of Service

I certify that on February 7, 2006, a copy of the foregoing Partial Motion to Dismiss Petition for Writ of Habeas Corpus was served on Robert O. Davis, III by regular U.S. mail.

<u>s/ Timothy W. Terrell</u>