IN THE SUPREME COURT OF THE STATE OF ALASKA

ROBERT O. DAVIS, III,  )
)
Petitioner, )
)
vs. )
)
STATE OF ALASKA, )
)
Respondent. )
_____ )

Supreme Court No. S-11597
(Court of Appeals No. A-8308)
(Trial Court No. 3AN-01-1717 CR)

RECEIVED
DEPARTMENT OF LAW
SEP 0 3 2004
OFFICE OF SPECIAL PROSECUTIONS
AND APPEALS

## PETITION FOR HEARING

> **VRA CERTIFICATION AND APP. R. 513.5 CERTIFICATION**
>
> I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court. I further certify, pursuant to App. R. 513.5, that the font used in this document is Univers 12.5 point.

Pursuant to Alaska Rules of Appellate Procedure 301-05, petitioner Robert O. Davis, III, requests that the Alaska Supreme Court grant a hearing and reverse the decision of the Alaska Court of Appeals in <u>Davis v. State</u>, Opinion No. 4899 (Alaska App. August 4, 2004). A complete copy of the opinion is attached as an exhibit to this petition.

Specifically, petitioner requests review of two issues: (1) whether the trial court committed reversible error when it failed to grant his motion for judgment of acquittal, and (2) whether the trial court committed reversible error when it failed to allow a witness to testify by telephone and then failed to pay the witness's travel expenses to come to Anchorage to testify in person.

Exhibit G – 1

## STATEMENT OF RELEVANT FACTS

The relevant facts were, for the most part, adequately set forth in the attached opinion of the Court of Appeals. Therefore, they will not be repeated here. Appellate Rule 303(b)(3). However, a short summary is necessary to provide context for Davis' arguments.

In 1991, the police in Nome, Alaska arrested Jeremy Fish for burglary and theft. In exchange for a promise of leniency, Fish lied to the police and told them he knew of people selling drugs in Nome. He agreed to cooperate by making controlled buys. After Fish was released, he fled Nome and went to Anchorage.

When the police started to close in on him again, he turned himself in. Once again, he attempted to make a deal for leniency. The Anchorage police said they would talk to the prosecutor, and instructed Fish to contact them. After Fish was released, he told the police that he would work as an informant if they could get his Nome charges dismissed. Fish then allegedly called Robert Davis to arrange a cocaine purchase. The police set up four separate controlled buys where Fish went to the Davis residence. After each visit, he allegedly obtained cocaine. The police also obtained a warrant and recorded the phone calls in which Fish arranged the buys with Davis.

Mr. Davis was tried and convicted of four counts of misconduct involving a controlled substance in the third degree. AS 11.71.030(a)(1). At trial, Fish testified about the alleged cocaine purchases from Davis. The police testified concerning their procedures and monitoring of the alleged buys. The

ALASKA PUBLIC DEFENDER AGENCY
900 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone (907) 334-4400

Exhibit G – 2

recordings were also played for the jury.

At the close of evidence, Davis unsuccessfully moved for judgment of acquittal, arguing that the evidence was insufficient to support a conviction. His main argument was that Fish was a demonstrable liar, and no other witness had testified to seeing Davis in possession of cocaine.

During trial, pursuant to Criminal Rule 38(a), Mr. Davis also sought permission of the trial court to have Nome police officer Dan Bennett testify telephonically. Officer Bennett would have testified about Fish's lack of credibility, specifically that Fish had lied to the Nome police department in order to gain a favorable deal for himself. Rule 38(a), requires the consent of the opposing party. The state did not consent, and the trial court denied the request.

Mr. Davis then sought to have the court or the state pay for Officer Bennett's travel expenses, so he could come to Anchorage and testify in person. Mr. Davis asserted that he did not have the funds to pay the travel expenses. The trial court denied the motion, noting that it was unaware of any authority allowing the court to enter such an order, and that Mr. Davis had not shown he was indigent.

After his conviction, Mr. Davis appealed the above issues to the Court of Appeals. The Court of Appeals ruled that the trial court did not err on either issue and upheld the conviction. Mr. Davis now requests that this court grant a hearing on the issues.

## POINTS RELIED ON FOR REVERSAL

### 1. Insufficiency of the Evidence

The trial court and Court of Appeals erred in ruling that sufficient evidence had been presented to support the conviction. In considering this issue, the courts must consider all evidence in the light most favorable to the state.[1] However, the evidence presented must be sufficient to convince fair-minded jurors beyond a reasonable doubt that that the defendant is guilty.[2]

In the present case, Mr. Fish's testimony was unreliable, and no other witness ever testified to seeing Mr. Davis in possession of cocaine, or delivering cocaine. Although witness credibility is generally left to the jury, in this case, Mr. Fish was so blatantly unreliable that his testimony should not have been sufficient. In short, fair-minded jurors could not have concluded that Fish was an honest and reliable witness and could not have convicted Mr. Davis of this offense. Even the Court of Appeals expressly recognized that "Davis presented substantial evidence that undercut Fish's credibility".[3]

### 2. Telephonic Testimony and Payment of Travel Expenses.

The trial court and Court of Appeals erred in ruling that Mr. Davis could not call Officer Bennett to testify telephonically, and alternatively that the court would not pay his travel expenses. Bennett would have been a critical

---

[1]   Shafer v. State, 456 P.2d 466, 469 (Alaska 1969).

[2]   Dorman v. State, 622 P.2d 448, 453 (Alaska 1981).

[3]   Davis v. State, Opinion No. 4899 at 4-5.

ALASKA PUBLIC DEFENDER AGENCY
900 W. 5th Avenue, Suite 200
Anchorage, Alaska 99501
Phone (907) 334-4400

witness in providing further information to undercut Fish's credibility. Although Criminal rule 38.1 requires the consent of the opposing party in order to present a witness by pone, the court should have relaxed that requirement as allowed under Criminal Rule 53. In the present case, the trial court found that there were no exceptional circumstances warranting relaxation of the rule. However, considerations of an accused's right to present his defense, as well as considerations of distance, time, and money, should have been sufficient to allow relaxation of the requirements of Rule 38.1.

Alternatively, once the request for telephonic testimony was denied, the court should have financially assisted Mr. Davis in bringing the witness to Anchorage. The trial court mistakenly assumed that there was no authority for such a request. However, as the Court of Appeals pointed out, Criminal Rule 17(b) allows the court to subpoena witnesses when a defendant is financially unable to do so. Mr. Davis presented the trial court with information that he was financially unable to pay the travel costs. Even though the trial court and Court of Appeals faulted Mr. Davis for not providing a detailed financial statement establishing that he was indigent, it was clear from the information he submitted that he could not afford to pay the transportation expenses. The court did not request further financial information, but denied the request mainly out of a belief that it had no authority to order the state to pay the costs. The Court of Appeals did not reach the issue of whether the trial court had such authority, but merely held that, even if it did, there was no abuse of discretion.

In summary, Mr. Davis was denied his right to present an important witness in his defense. He was defeated by a technical adherence to rules that should have been relaxed to avoid an injustice. He should have been permitted to present the witness by telephone, or the court should have provided financial assistance in bringing the witness to Anchorage.

### STATEMENT OF REASONS IN SUPPORT OF REVIEW

Pursuant to Appellate Rule 303(b)(5) and Rule 304, discretionary review is necessary because a decision on these issues will likely "have significant consequences to others than the parties in this case, and appears reasonably necessary to further the administration of justice." Appellate Rule 304(d).

In many cases every year, criminal defendants are represented by private counsel operating on tight budgets. The facts that an accused winds up in the middle of trial needing to obtain the testimony of an out-of-town witness should not defeat his right to present a defense simply because there is no money to bring the witness into court. In such cases, the state or the court, in the interest of justice, should bear the cost.

## CONCLUSION

For the reasons set forth above, Mr. Davis requests that this court grant a hearing on the issues.

DATED at Anchorage, Alaska September 3, 2004.

PUBLIC DEFENDER AGENCY

By: _____
DAVID D. REINEKE (9006033)
ASSISTANT PUBLIC DEFENDER

Exhibit G – 7