Robert O. Davis, III #331194
Florence Correctional Center
P.O. Box 6200
Florence, Arizona 85232

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
FEB 2 8 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Robert O. Davis, III,    )
            Petitioner,  )
                         )
vs.                      )    Case No. A05-255 CV
                         )    OPPOSITION TO PARTIAL MOTION
Frank Luna, Warden,      )    TO DISMISS PETITION FOR
            Respondent,  )    WRIT OF HABEAS CORPUS
_____)

**Comes** now the petitioner Robert O. Davis, III and hereby opposes respondents Partial Motion To Dismiss Petition For Writ Of Habeas Corpus and respectfully request that this Court grant his Summary Judgment in his favor. Or in the alternative, if the Court finds that the petitioner is not entitled to a Summary Judgment, mandate that an evidentary hearing be held as soon as practical, in order that the Court may FULLY hear and RESOLVE the issues of fact that are not sufficiently disposed of on the recored.

It is clear from the respondent's answer that there are implict and explict factual and legal disputes. The answer admits the petitioners version of the dispositive facts. To demonstrate a genuine issue, the opposing party (the respondent) to a motion for summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts. In attempt to establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings. But is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material, in support of its contentions that the dispute exists.

page 1

Here the respondent does not satisfy that requirement. Specifically, the fact that either Dan Bennett of the Nome Police Department and/or members of the Anchorage Police Department did in fact coerce Jeremy Fish into testifying. Mr. Davis' convictions stemmed from the coercive tactics used by the police in this matter. By making threats to arrest Fish's girlfriend and to put their infant daughter in foster care, is and of itself coercion as laid down in <u>Hutto v. Ross</u>, 429 U.S. 28, 30, 97 S.Ct. 202, 50 Ed.2d 194 (1976) and <u>United States v. Guerrero</u>, 847 F2d 1363, 1366 (9th. Cir.1988). These threats is what actually prompted Jeremy Fish to do whatever he could to put Mr. Davis in jail. There is no question that a criminal defendant has the right to thoroughly cross-examine a witness to show the witness' bias, prejudice and motive to lie. Dan Bennett's testimony was the essences, an intragal part of, in direct relation to the charges and the defense of Davis. "Exposure of a witness' motivation in testifying is a proper and important function of the Constitutionally protected right of cross-examination. <u>Limitations on the right to call a witness amounts to constitutional error to cross-examination when it impaires the accused ability to establish bias, prejudice or motive for a witness's testimony</u>. The bias of a witness is always relevant to the jury's consideration of the cause it is never a collateral issue." Citing <u>United States v. Schoneberg</u>, 396 F.3d 1036 (9thCir. 2004) and <u>Davis v. Alaska</u>, 415 U.S. 308, 94 S.Ct. 1105(9th Cir. 1974). As noted in the respondents answer "Officer Bennett did not testify."

The petitioner, Mr. Davis, maintains that the real reason, outside of the respondent's alienative facts, Officer Bennett's testimony was excluded is because Officer Bennett's testimony would have threatened the integrity and cast, a substantial doubt on the testimony of Jeremy Fish. Thus creating a reasonable doubt sufficient to adequately support Davis' Motion For Judgment Of Acquittal without question. But for whatever the reason "the Sixth Amendment forbids the exclusion of otherwise admissible evidence soley as a sanction to enforce discovery rules or orders against criminal defendant's." United States v. Davis, 639 F.2d 239,243. By precluding defense witness' from testifying, a court may substantially hinder a defendant's efforts to presuade a jury of his innocence. Thus, this preclusion is a violation of the Constitutional right to present a DEFENSE. Fendler v. Goldsmith, 728 F.2d 1181, 1185 (9th Cir.1983).

"It is also essential to a defendant's right to a fair trial that he be allowed every opportunity to show BIAS on the part of a witness testifying against him. IF the defense counsel was unduly limited in his right of cross-examination to show bias on the witness' part by the failure of the State to produce the material referred to, then there must be a reversal and a new trial." Carman v. State, 604 P.2d 1076

As noted in the petitioners Memorandum in Support For Habeas Corpus Relief. At exhibit #2. The petitioner was thwarted in his attempt to present his portion of his defense by the strict application of Criminal Rule 38.1. In Chambers v. Mississippi, 93 S.Ct.1038(1973), the court makes the following statment;

> "Chambers asserts in this court, as he did unsuccessfully in his motion for new trial and on appeal to the Supreme Court, that the application of these evidentiary rules rendered his trial fundamentally unfair and deprived him of due process of law."

As stated above the petitioner was deprived of his Constitutional Right to Due Process by the strict application of evidentiary rules. "Due Process is, in essence, the right to a fair opportunity to defend against the States accusations. State evidentiary rules <u>may not</u> be applied mechanistically to defeat the ends of Justice." Just as they were in Davis' case. Citing <u>Perry v. Rushen</u>, 713 F.3d 1447(1983).

On November 16, 2001, the petitioner filed a motion in court requesting the Court to either assist him in paying or that it be required by the State to pay these funds to allow Officer Bennett to travel to Anchorage to offer his testimony to the Court, due to his involvement with the Nome burglary case that initiated Jeremy's involvement with the Police Departments and the District Attorney's Office. It is clear from the information submitted by the petitioner that he could not afford to pay these expenses and <u>the court did not request any further financial information</u>. The court was unaware of its alternatives from which it may have chosen to avoid an injustice of this magnitude. Specifically, Alaska Criminal Rule 17(b), Criminal Rules 39 and 39.1 and Criminal Rule 53 may have worked to the benefit of both, the defendant and the state had they been properly considered, recognized and applied at trial.

It is clear that the trial court, more specifically, Judge Hensely FAILED to recognize the alternatives from which it may choose, it cannot be said that discretion was in fact exercised as to the petitioner's Sixth Amendment Right to Compulsory Due Process to present witnesses in his favor. At trial Judge Hensley stated that he was unaware of any authority that authorized him to enter such an order, relating"to have compulsory process for obtaining witness in his favor."

page 4

As the Court of Appeals stated in its Memorandum Opinion And Judgment, No. 4899-August 4,2004, at page 6;

"We are less certain than Judge Hensley that the court has no authority to pay the fees for a witness."

Not only did Judge Hensley error as to the scope of his authority, but also failed to give the defendant's motion the consideration required by law. The court was in error. Since the defendant is at least entitled to the courts consideration of his motion under a correct view of the law. "Such an error should result in reversal with directions to the court to reconsider the motion and to enter an appropriate judgment or order." Cano v. Anchorage, 627 P.2d 660(1981).

Furthermore, the respondent's reference to Coleman v. Thompson, 501 U.S. 722, 729, 111 S.ct. 2546(1991), O'Sullivan v. Boerckel, 526 U.S. 838 119 S.Ct. 1728(1999) and Gray v. Netherland, 518 U.S. 152, 116 S.Ct. 2074(1996) are all in the most part irrelevant to the issues at hand, none of which is directly on point.

In Coleman, the Court held that the petitioner was not entitled to a federal writ of habeas corpus because he had filed a notice of appeal 33 days after the entry of the final judgment, not within the 30 days pursuant to an independent and adequate State procedural rule which was adequaet to render his case a procedural default.

O'Sullivan still falls short of the point. In this case the Supreme Court reversed the appellate court's finding of no procedural default. Where the court held that the defendant was able to satisfy the exhaustion requirement of the habeas statute without first presenting his claims to the state supreme court. It is clear that the petitioner, Mr. Davis, did in fact present each claim he raises in his petition to the Alaska Supreme Court. The petitioner attached

a complete copy of the Court Of Appeals Opinion, No. 4899(August 4,2004) The appeals Court's decision was sufficient to alert the Supreme Court of a federal claim by reciting that the petitioner did in fact state a Sixth Amendment Constitutional violation as well as an Article 1, Section 11 , Alaska Constitutional violation, at page 6. Also the Court recited operative facts of coercion, where the petitioner's claim was that the trial court erred by admitting evidence against him over his objection, was a denial of due process. <u>United States ex. rel. Kemp v. Pate</u>, 359 F.2d 749(1966) and <u>Emmett v. Ricketts</u>, 397 F.Supp. 1025(1975). The respondents assumption of the petitioner's ability to return to State Court to litigate claims, is incorrect.

In <u>Gray</u>, the decision of the court involved the application of a new constitional rule, which is of no relevance to the case at hand.

This case is more than just a denial of telephonic testimonial issues that the prosecutor and the respondent has and is attempting to make it out to be. It is nothing less than an infestation of Constitutional violations, but more specifically, a violation of the Sixth Amendment, to have compulsory process for obtaining witness in his favor, right to cross-examination and the right to present a defense. Just to name a few.

Additionally, in reference to the factual history of the case. On February 8, 2001, Jeremy Fish did in fact call Mr. Davis stating that he was in trouble and that he needed some help. In their telephone conversation Fish stated that he also needed $150.00. Fish asked for directions then came to Davis' residence. Once there Fish entered the residence, they greeted and Fish asked Mr. Davis if he wanted to buy a dog. Davis replied, let me see the dog. Fish then returned to his car retrieved the dog and sold it to Mr. Davis for

$150.00 and left. As stated by Fish, in the taped transcript, the very first thing he asked Mr. Davis was "do you want to buy a dog?" See exhibit 17 attached.

The $150 that Davis gave Fish for the dog was never recovered by the police. During the pre-buy search of Fish's car the cocaine that Fish had was never found that he used to say that he had obtained from Davis. However, the police did find marijuana and other drug paraphernalia used for smoking drugs in Fish's car. Davis maintains that the drugs were intentionally over looked by the police. The only thing that was bought or sold on Feburary 8, 2001, between Jeremy Fish and Mr.Davis was a dog named "Sox". Jeremy said that he gave the dog that name because of the white markings on its feet.

Out of belief that Fish had obtained drugs from Davis is what prompted the police to obtain a Glass Warrant to record the phone conversations between Fish and Davis. This information was not true.

Furthermore, Davis had requested the taped interview between Fish and Officer Dan Bennett regarding the Nome burglary during trial, this important piece of evidence was never turned over to the defense by the prosecutor, Thus hindering the defendant to present an adquate defense.

Justice Is Fairness. Respondents motion to dismiss is not a fair depiction of either the law or the facts of this case. This Court can correct this error, by a remand for an evidentiary hearing.

Dated this 23 day of February 2006.

I certify that on February 23, 2006, a copy of the foregoing Opposition To Partial Motion To Dismiss Petition For Writ Of Habeas Corpus was served on Timothy W. Terrell, to the address on record, by First Class U.S. Mail.

Respectfully Submitted

Robert O. Davis, III