IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ROBERT O. DAVIS III, )
  )
    Appellant, )
  )
vs. ) Court of Appeals No. A- 8308
  )
STATE OF ALASKA, )
  )
    Appellee. )
_____ )

Trial Court No. 3AN-S01-1717CR

APPEAL FROM THE SUPERIOR COURT
THIRD JUDICIAL DISTRICT
HONORABLE DAN A. HENSLEY, JUDGE

REPLY BRIEF OF APPELLANT

PUBLIC DEFENDER AGENCY

BARBARA K. BRINK (82-06009)
PUBLIC DEFENDER

David Reineke (90-06033)
Assistant Public Defender
900 West 5th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907)334-4400

Filed in the Court of Appeals
Of the State of Alaska
_January 30th_, 2004

MARILYN MAY, CLERK
Appellate Courts

_____
Deputy Clerk

VRA CERTIFICATION AND APP. R. 513.5 CERTIFICATION

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court. I further certify, pursuant to App. R. 513.5, that the font used in this document is Univers 12.5 point.

Exhibit E – 1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

AUTHORITIES RELIED UPON.........................................................................iii

ARGUMENT ....................................................................................................... 1

## TABLE OF AUTHORITIES

### CASES

Mahan v. State
  51 P.2d 962 n. 8 (Alaska App. 2002) .................................................................. 2

Peterson v. State
  562 P.2d 1350 (Alaska 1977) .............................................................................. 5

Riley v. State
  608 P.2d 27 (Alaska 1980) .................................................................................. 5

State v. Albert
  899 P.2d 103 (Alaska 1995) ............................................................................ 5, 6

State v. Jones
  759 P.2d 558 (Alaska App. 1988) ....................................................................... 6

Taylor v. Illinois
  484 U.S. 400, 108 S.Ct. 646 (1988) .................................................................... 3

United States v. Nixon
  94 S.Ct. 3090 (1974) ........................................................................................... 4

Whiteside v. Dep't of Public Safety
  20 P.3d 1130 (Alaska 2001) ............................................................................ 3, 4

### RULES

Alaska Rules of Criminal Procedure 38.1 ................................................................. 4

Alaska Rules of Criminal Procedure 53 .................................................................... 4

### CONSTITUTIONAL PROVISIONS

Alaska Constitution, Article I, section 11 .................................................................. 2

# AUTHORITIES RELIED UPON

## STATUTES

None.

## RULES

Alaska Rules of Criminal Procedure 38.1 provides that:

### TELEPHONIC PARTICIPATION IN CRIMINAL CASES

**(a)** In any proceeding at which the defendant's presence is required under Criminal Rule 38(a), as modified by Rule 38.2, the defendant may waive the right to be present and request to participate by telephone. The defendant's waiver of the right to be physically present may be obtained orally on the record or in writing. The court may allow telephonic participation of one or more parties, counsel or the judge at any proceeding in its discretion. The court may allow telephonic participation of witnesses at bail hearings, omnibus hearings, probation revocation hearings or at trial with the consent of the prosecution and the defendant. The court may allow telephonic participation of witnesses at other hearings in its discretion.

**(b)** The provisions of AS 12.35.015 shall govern the issuance of search warrants by telephone.

**(c)** The provisions of Criminal Rule 6(u) govern telephonic participation in grand jury proceedings.

Alaska Rules of Criminal Procedure 53 provides that:

### RELAXATION OF RULES

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

## CONSTITUTIONAL PROVISIONS

Alaska Constitution, Article I, section 11 provides that:

**Rights of Accused.**

In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused

iv

is entitled to be informed of the nature and cause of the accusation; to be released on bail, except for capital offenses when the proof is evident or the presumption great; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

## ARGUMENT

In his opening brief, Mr. Davis raised three issues: (1) whether the trial court erred in failing to grant his motion for judgment of acquittal; (2) whether the trial court erred in failing to allow him to call a witness telephonically; and (3) whether the trial court erred in refusing to assist financially with travel expenses so that the witness could attend trial. [At. Br. 2]

In opposition, the state asserts that the trial court properly denied the motion for judgment of acquittal. With regard to the other two issues, the state asserts that Mr. Davis has failed to adequately preserve and brief the issue both at the trial court and appellate court levels. [Ae. Br. 19, 21] Alternatively, the state asserts that the trial court's rulings were legally proper, or, if erroneous, constituted only harmless error. [At. Br. 20-28]

Regarding the judgment-of-acquittal issue, Mr. Davis will stand on the state of the current briefing. Regarding the remaining two issues, he replies as follows.

The issues of telephonic testimony and payment of witness travel expenses were adequately preserved and briefed, both in the trial court and on appeal. A review of the trial transcript and Mr. Davis' written motion indicate that the court and parties were well aware of the factual and legal issues under discussion. [Exc. 5-10, 25-26; Tr. 224-27] Mr. Davis clearly requested the court to allow him to call the witness telephonically, the reasons for the request were specified, and the

court was aware of the applicable rule of criminal procedure.[1]  In his written motion, Mr. Davis requested financial assistance to transport the witness.  The reasons were again specified, including the cost of airfare and an assertion under oath that Mr. Davis did not have the necessary money, and the applicable constitutional provision was cited.[2]

A trial is not an appeal.  Trial counsel cannot be held to the same standards of briefing and research placed on appellate counsel.  In this case, the parties and court were all aware of the issue at hand and the general law applicable.

Regarding the appellate briefing in this case, it is also apparent that the factual and legal issues were adequately briefed.  The state clearly understands the issues and has responded admirably with an 11-page opposition to the very issues it professes are too vague to be understood.  [Ae. Br. 18-28]

The main case cited by the state on this issue is Mahan v. State, 51 P.2d 962, 966 n. 8 (Alaska App. 2002).  That citation stands for the proposition that where an issue is given only "cursory treatment" (in that case, two sentences) the court may deem the issue waived.  In the present case, however, the appellant's" opening brief consist of over 4 pages of analysis, which includes citations to constitutional provisions, cases, and rules of court.  [At. Br. 16-20]  Under the circumstances, the state's argument on inadequate briefing should be disregarded.

The state then argues that the right to compulsory process does not

---

[1]   Criminal Rule 38.1.

[2]   Alaska Constitution, Article I, section 11.

2
Exhibit E – 7

include the right to obtain telephonic testimony. [Ae. Br. 20] The state relies primarily on, Taylor v. Illinois, ,[3] and Whiteside v. Dep't of Public Safety, ,[4] in support of this position.

Neither case, however, is on point. Taylor dealt with a situation where the state had filed a discovery motion requesting a list of defense witnesses. The defendant's answer failed to list one witness named Wormley, and, after the state's case had been presented, the defendant moved to amend the answer to include him. The court then refused to permit the defense to call Wormley.[5] Although the Supreme Court upheld the exclusion, it did so because the record indicated that defense counsel had been guilty of willful misrepresentation in failing to disclose Wormley's name.[6]

Interestingly, however, the Court also noted that "it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." [7] This includes "the right to have the witness' testimony heard by the trier of fact."[8]

---

[3]      Taylor v. Illinois, 484 U.S. 400, 412-13, 108 S.Ct. 646, 655 (1988).

[4]      Whiteside v. Dep't of Public Safety, 20 P.3d 1130. 1136-37 (Alaska 2001).

[5]      Taylor v. Illinois, 108 S.Ct. at 649-51.

[6]      Id. at 657-58.

[7]      Id. at 653, quoting United States v. Nixon, 94 S.Ct. 3090, 3108 (1974).

[8]      Id. at 653.

The Whiteside case is also not helpful. The issue there was whether licensed drivers were entitled to in-person hearings regarding license revocations.[9] The Alaska Supreme Court held that they were.[10] That case stands for the proposition that a party may insist on being physically present, but not for the proposition that a witness should not be allowed to appear telephonically.

The state's arguments regarding the importance and preference for live testimony, although common sense, should not be taken to the extreme. Where distance, time, and money are substantial factors, as they were in this case, the accused's right to present evidence should overcome any such preference. In these circumstances, the court should have relaxed the requirements of Criminal Rule 38.1, as allowed under Rule 53.[11] [Tr. 226-27; Exc. 26]

After asserting that the defense had no right to call the witness telephonically, the state then argues that the defense had no right for financial assistance to bring the witness into court. [Ae.Br. 21-28] (The state's argument regarding preservation of the issue was dealt with above.)

On the merits, the state first argues that Mr. Davis failed to make an adequate showing of indigency. This is incorrect. Both in the trial record and in his

---

9   Whiteside v. Dep't of Public Safety, 20 P.3d at 1132.

10   Id. at 1139.

11   The trial court's authority to relax criminal rules has been recognized in a variety of situations. See, e.g., Riley v. State, 608 P.2d 27 (Alaska 1980) (abuse of discretion not to relax time requirement for peremptory challenge of judge); Peterson v. State, 562 P.2d 1350 (Alaska 1977) (relaxation of speedy trial rule not

written motion, Mr. Davis apprised the trial court of the approximate cost of travel and informed the court that he simply did not have the money. [Tr. 226-26, Exc. 7, 26] He also informed the court that he had been unable to work during trial. [Exc. 7] In short, he stated under oath that he did not have the necessary money. The state below did not challenge these assertions or present evidence to the contrary. An adequate showing was made.

The state next argues that Mr. Davis was faced with an economic choice as to how to run his defense, and should have done some sort of cost-benefit analysis to decide what portions of his defense he should do without. [Ae. Br. 22] In the first place, the state's argument here hinges on its argument above that Mr. Davis did not show indigency, which he in fact did. Secondly, the authority relied on by the state [Ae. Br. 22] does not support its position.

In State v. Albert,[12] the issue was whether recovering costs of appointed counsel was unconstitutional. That is not at issue in this case. State v. Jones,[13] dealt with the issue of whether trial counsel was ineffective in failing to conduct additional investigation. As the state notes, that case indicates that defendant's are not entitled to a "millionaire" defense, but are entitled to "basic fairness." The question, then, is whether the ability to call a single witness at a cost of $600 is more consistent with a millionaire defense, or with basic fairness.

---

abuse of discretion).

[12] State v. Albert, 899 P.2d 103, 113 (Alaska 1995).

[13] State v. Jones, 759 P.2d 558, 572 (Alaska App. 1988).

Finally, the state argues that Mr. Davis' claim should be rejected because, after all is said and done, any error was merely harmless. [Ae. Br. 22-28] Granted, as the state points out [Ae. Br. 24-27], Mr. Fish was a person of extremely dubious character and honesty, and the jury was presented with testimony demonstrating this. However, given that he was a person of extremely questionable veracity, it would not have taken much additional evidence to convince the jury that he should not be believed regarding the facts of the case being tried. It is shear speculation to say that an error was harmless. It is entirely likely that additional testimony from Officer Bennett could have swayed the jury in Mr. Davis' favor.

In conclusion, Mr. Davis requests a new trial. His motion for judgment of acquittal should have been granted. Additionally, he should have been permitted to call the witness, either telephonically or in person with financial assistance from the court.

DATED this 30th day of January, 2004 in Anchorage, Alaska.

PUBLIC DEFENDER AGENCY

By: _____
DAVID D. REINEKE (90-06033)
ASSISTANT PUBLIC DEFENDER