Timothy W. Terrell
Assistant Attorney General
State of Alaska, Dept. of Law
Office of Special Prosecutions
   and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501

Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tim_terrell@law.state.ak.us

Attorney for Respondent Frank Luna

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Robert O. Davis III, | ) |
|     Petitioner, | ) ) ) |
| vs. | ) Case No. A05-255-CV (JKS) ) |
| Frank Luna, Warden, Florence Correctional Center, | ) <u>REPLY TO OPPOSITION TO</u> ) <u>PARTIAL MOTION TO DISMISS</u> ) <u>PETITION FOR WRIT OF HABEAS</u> |
|     Respondent. | ) <u>CORPUS</u> ) |

      Petitioner Robert Davis's habeas petition challenges his state-court convictions for third-degree misconduct involving a controlled substance. As pointed out in respondent Luna's partial motion to dismiss, Davis's pro se petition essentially raises three claims: (1) that there was insufficient evidence to sustain his conviction, (2) that his Sixth Amendment right to compulsory

process gave him the right to have a witness testify telephonically, over the state's objection, or (3) that the right to compulsory process required in the alternative the state to pay the witness's transportation costs so that the witness could testify in person.

Respondent's partial motion to dismiss noted that Davis's first claim was not susceptible to resolution via a motion to dismiss, and argued that his latter two claims should be dismissed because Davis had procedurally defaulted them in state court by failing to present them as federal constitutional claims in his petition for hearing with the Alaska Supreme Court. Davis's opposition to the partial motion to dismiss focuses largely on sufficiency-of-the-evidence issue and only briefly addresses the state's argument that his latter two claims are procedurally defaulted. Davis argues that the Alaska Supreme Court was sufficiently alerted to the federal nature of his claims because the Alaska Court of Appeals' memorandum decision had noted that he had referred to federal constitutional grounds for these claims in his briefing before the court of appeals. Opposition at 6. But this is insufficient to satisfy the requirement that the claims have been presented as federal constitutional claims to the state's highest court. The fact that the potential federal nature of a claim can be discovered through reading the opinions of the lower courts or the briefs filed in the lower courts is not enough. *Baldwin v. Reese,* 541 U.S. 27, 31-32, 124 S.Ct. 1347, 1350-51 (2004). As the Ninth Circuit recently explained in *Galvan v. Alaska Department of Corrections,* 397 F.3d 1198 (9th Cir. 2005):

> If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so. It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition.

*Id.* at 1204.

Davis's petition for hearing in the Alaska Supreme Court did not fairly present his claims as federal claims. Instead, it presented his claims as claims for violation of state court procedural rules. Moreover, Davis has no more opportunity to return to state court to raise them. The Alaska Supreme Court denied Davis's petition for hearing on November 26, 2004, and AS 12.72.020(a)(3)(A) gave Davis one year from that date to file for post-conviction relief. That time has passed without Davis doing so.

Accordingly, for the reasons stated above and in respondent's partial motion to dismiss, this court should dismiss Davis's claims regarding compulsory process and witness testimony as being procedurally defaulted. Respondent will by separate motion move for summary disposition of Davis's remaining sufficiency-of-the-evidence claim.

Dated this 10th day of March, 2006, at Anchorage, Alaska.

                                        DAVID W. MÁRQUEZ
                                      ATTORNEY GENERAL

                                      s/ Timothy W. Terrell
                                          Assistant Attorney General
                                          State of Alaska, Dept. of Law
                                          Office of Special Prosecutions

          and Appeals
310 K St., Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
e-mail: tim_terrell@law.state.ak.us
Alaska Bar. No. 9011117

### Certificate of Service

I certify that on March 10, 2006, a copy of the foregoing Reply to Opposition to Partial Motion to Dismiss Petition for Writ of Habeas Corpus was served on Robert O. Davis III by regular U.S. mail.

s/ Timothy W. Terrell