**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ROBERT O. DAVIS III,<br><br>               Petitioner,<br>vs.<br><br>FRANK LUNA, Warden, Florence Correctional Center,<br><br>               Respondent. | A05-00255 CV (TMB)<br><br>**RECOMMENDATION<br>REGARDING RESPONDENT'S<br>PARTIAL MOTION TO DISMISS**<br><br>(Docket No.19) |

      The court has now before it a motion by the respondent seeking partial dismissal of Mr. Robert O. Davis III's petition for writ of habeas corpus. (Docket No. 19 attachments at No. 20). Specifically, said motion seeks dismissal of two of Davis' three claims. The motion is made on the grounds that these claims are procedurally defaulted because Davis did not raise them as federal constitutional claims before the Alaska Supreme Court. Davis, a *pro se* litigant, filed an opposition. (Docket No. 17; reply at docket No. 22). For the reasons that follow the respondent's motion should be granted and Davis' second claim (that his Sixth Amendment right to compulsory process/confrontation gave him the right to have a witness testify telephonically over the state's objection), and third claim (that the right to compulsory process required in the

alternative, the state to pay the witness's transportation costs so that the witness could testify in person).[1]

## BACKGROUND

The factual and procedural background are taken from the respondent's brief. This appears to be an accurate rendition of the record in state court, and nothing in Mr. Davis' briefing and arguments suggest otherwise. Because Mr. Davis is a pro se litigant, the court emphasizes for his benefit that this recitation of the factual procedural background does not mean that the court did not give his arguments due consideration. It did.

Davis was charged with four counts of third-degree misconduct involving a controlled substance. Those charges were brought after an investigation by the Anchorage Police Department including surveillance that showed that Davis sold cocaine to police informant Jeremy Fish. The police obtained a *Glass* warrant and recorded phone calls between Davis and Fish.[2] Fish bought cocaine from Davis on a total of four occasions.

Davis requested to have Nome Police Officer Daniel Bennett testify telephonically from Nome about his prior agreement with Fish to seek dismissal of the Nome burglary charges in exchange for Fish's making controlled buys, and Fish's reneging on that agreement. The prosecutor objected to Officer Bennett appearing telephonically, and the court denied Davis' request. The court also denied Davis' request to have the state pay for Officer Bennett's transportation costs so that he could

---

[1] The respondent is not at this time challenging Davis' first claim that the trial court erred in denying his motion for judgment of acquittal on the grounds that testimony of Jeremy Fish violated compulsory process. The respondent understands this fact to be a claim that there was insufficient evidence to sustain Davis' conviction.

[2] Under Alaska law requires a warrant for recording conversations as part of a criminal investigation. *State v. Glass,* 583 P.2d 872 (Alaska 1978).

fly to Anchorage and testify in person. Officer Bennett did not testify. After the close of evidence, Davis moved for a judgment of acquittal, claiming that Fish was a liar whose testimony was not credible thereby providing insufficient evidence for reasonable jurors to convict. The court denied the motion, and the jury subsequently found Davis guilty on all four counts.

Davis appealed to the Alaska Court of Appeals, raising several claims. First, he reiterated his claim that Fish was not credible and that his conviction was not supported by sufficient evidence. Second, he claimed that his Sixth Amendment right to compulsory process required the trial court either allow him to present Officer Benett's testimony telephonically or to require the state to pay for Officer Bennett to fly to Anchorage so he could testify in person.

The Court of Appeals rejected Davis' claims. The court found that there was sufficient evidence to support Davis convictions. The court rejected Davis' claim that he should have been allowed to present Officer Bennett's testimony telephonically, finding that (1) Alaska Criminal Rule 38.1 requires the consent of both parties for telephonic testimony and the state had objected, and (2) Davis had not made any constitutional claim below and could not show plain error. As to the plain error issue, the court noted that beyond conclusory citations to the state constitution and to the Sixth Amendment, Davis had presented no authority or analysis suggesting that the right to compulsory process includes the right to present witnesses telephonically. The court rejected Davis' alternative claim, that the state should have been required to pay for Officer Bennett to fly to Anchorage, finding that Davis had made an insufficient showing of inability to pay those costs.

Davis subsequently filed a petition for hearing with the Alaska Supreme Court. Davis reiterated his claim that there was insufficient evidence to convict, as well as his claim that he should have either been allowed to present Officer Bennett's

testimony telephonically or that the state should have been required to pay for him to fly to Anchorage. However, Davis did not present the latter two claims as federal constitutional claims.

As to the telephonic issue, Davis claimed that even though Alaska Criminal Rule 38.1 requires the consent of both parties for a witness to testify telephonically, the court could have relaxed the mutual consent required based on its authority to relax the rules as given in Alaska Criminal Rule 53. Alternatively, Davis argued that the trial court was incorrect in believing it had no authority to order the state to pay Officer Bennett's transport costs and that Alaska Criminal Rule 17 did grant such authority. The Alaska Supreme Court denied Davis' petition on November 26, 2004.

## DISCUSSION

28 U.S.C. § 2254(b)(1) requires that a state prisoner give the state courts an opportunity to pass upon and correct alleged violations of federal constitutional rights. *Baldwin v. Reese,* 541 U.S. 27 (2004). The respondent's contention is that Davis did not raise federal constitutional issues in his State Court proceedings regarding his second claim (that his Sixth Amendment right to compulsory process/confrontation gave him the right to have a witness testify telephonically over the state's objection), and third claim (that the right to compulsory process required in the alternative the state to pay the witness's transportation costs so that the witness could testify in person). Davis counters that "it is clear from respondent's answer that there are implicit and explicit factual and legal disputes." He then goes on to discuss matters in terms of "summary judgment". The instant motion is not for summary judgment, it is for dismissal for failure to exhaust state court remedies. Additionally, Davis devotes most of his argument to the his insufficiency of the evidence claim (his first claim) which is not at issue here. Regardless, it is obvious that the respondent is correct that Davis did not exhaust his state court remedies as to his second and third claims.

If a party wants the state court to decide whether he was deprived a federal right it must be clear from the briefing at each level of the state court system the a violation of a federal constitutional right is claimed. *Galvin v. Alaska Department of Corrections,* 397 F.3d 1198 (9th Cir. 2005). The court has reviewed Davis' petition to the Alaska Supreme Court. It reads in pertinent part: "Specifically, petitioner requests review of two issues: (1) whether the trial court committed reversible error when it failed to grant his motion for judgment of acquittal, and (2) whether the trial court committed reversible error when it failed to allow a witness to testify by telephone and then failed to pay the witness's travel expenses to come to Anchorage to testify in person." *See respondent's Exhibit G-1*. The first ground relates to Davis' first claim in the instant petition and, as discussed above, that ground is not at issue in this partial motion to dismiss. Davis' petition cited only state law and never referenced the United States Constitution. It matters not that the state case law cited in the petition to the Alaska Supreme Court referenced some federal case law. Without some clear indication in the state court brief that the case involved federal issues the exhaustion requirement of § 2254(b)(1) is not met. *Casey v. Moore,* 386 F.3d 896, 911-913 (9th Cir. 2004). Thus, the respondent's motion to dismiss the second and third claims of Davis' petition for writ of habeas corpus should be granted.

CONCLUSION

For the foregoing reasons the respondent's motion to dismiss the second and third claims of Davis' petition for writ of habeas corpus (Docket No. 19) should be **GRANTED**.

DATED this 6th day of April, 2006, at Anchorage, Alaska.


/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge



Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on April 28, 200**6  The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed **no later than the close of business on May 8, 200**6

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).