RECEIVED
APR 0 7 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Robert O. Davis, III #331194
Florence Correctional Center
P.O. Box 6200
Florence, Arizona 85232

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Robert O. Davis, III,       )
         Petitioner,        )
                            )
vs.                         )    Case No. A05-255 CV
                            )
Frank Luna, Warden,         )
         Respondent,        )
_____)

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR BAIL

The court in <u>Glynn v. Donnelly</u>, 470 F.2d 95(1972), establishes the criteria for release on bail for a state prisoner in a Federal Habeas Corpus Proceeding.

The Glynn court findings establishes two possible test for deciding a state prisoner's application [motion] for bail during the pendency of a post-conviction habeas corpus proceeding. Under the first test, the prisoner must show that there is a substantial question of constitutional error, and that exceptional circumstances exists for granting bail in the particular case before the court. In the alternative, under the second test, the prisoner must show that there is a clear case in the petitioner's favor on both the law and the facts. Under either test, the prisoner's ability to raise a substantial question of constitutional error, standing alone, is insufficient.

In Rado v. Manson, 435 F. supp.349, the court made the following statement:

> "Two factors must be considered in assessing the propriety of granting bail, in these circumstances. First, the petitioner must be found to be an exceptionally strong candidate for bail, that is the risk of flight must be de minimus. second, because [the] presumption [of innocence] fades upon conviction, and can be of no significance after the defendant's appeal has been rejected, . . ."

The petitioner intends to satisfy each and every standard that is required to show that he is in fact, an exceptionally strong candidate for bail pending a decision of his Habeas Corpus Petition, with regards to traditional standards.

Release pending a determination of the merits of a Habeas Corpus Petition would be proper if, absent "exceptional circumstances" the petitioner presents both "a clear case on the law" and " a clear and readily evident, case on the facts, as also stated in Rado v. Manson, supra.

In the following background facts and law, the petitioner believes that a mistake was made by Judge Dan Hensley when he denied the petitioner to be continued, enlarged on bail, when it was clear to him through the advise of his trial attorney and Judge Card a week earlier, that he would be able to be continued on bail pending a decision from the District Court. The petitioner believes that Judge Dan Hensely was unaware of his jursidicition and the law that clearly gave him the authority to allow the petitioner to be continued on bail pending a decision of his Habeas Petition.

Given these circumstances, the petitioner is requesting to be continued on bail or for bail to be reinstated or for a bail to be set pending a decision of his Habeas Petition.

page 2

The petitioner was convicted on November 21, 2001, in the Superior Court, Third Judicial District at Anchorage, Alaska on four(4) counts of Misconduct Involving a Controlled Substance in the third degree. The petitioner was sentenced to prison for a period of four(4) years on each count, the sentences were to run concurrently. The petitioner had been free on bail from the time of his arrest to the time he was remanded to jail for no apparent reason on January 10, 2005.

The petitioner is not an extraordinary bail risk. As indicated above he had been on bail from the time of his arrest. While on bail the petitioner made himself available to the proper authorites when ever his presence was required and regulary attended all court proceedings concerning his case.

The petitioner has owned his own business, Davis Services since 1999. He is also a member of the I.B.E.W. a local electrical union in Anchorage. He resides at 732 Pearl Dr., Anchorage, Alaska with his family. He is the father of four(4) children, three(3) of which are in Alaska and two(2) now resides with his mother while he is incarcerated. The two(2) children now residing with his mother, ages 8 years and 5 months old, were abondoned by their mother leaving the petitioner the only biological parent in their lives to take care of them. Therefore, the four(4) year sentence imposed seems harsh in light of the circumstances.

The petition and the memorandum in support of the petition presents substantial constitutional questions of law.(See Exhibit #2) Also the petition nor this motion is for the purpose of any type of delay whatsoever, when in fact the petitioner has previously

filed a motion opposing an extension of time flied by the respondents in an attempt to resolve these issues as promptly as possible.

The petitioner maintains his position in that his bail should have been continued by Judge Hensley pending a decision on his habeas corpus petition, according to Federal and State statues and rules of court.

On January 3, 2005, the petitioner was at the remand hearing before Judge Card. At the hearing the petitioner requested [motioned] the court to continue his bail, because he was intending to file an appeal to the District Court. Judge Card then stated that if he could show proof that he has an habeas corpus petition pending then he could be continued on bail. Judge Card then continued the remand hearing for one(1) week. On January 10, 2005, the petitioner brought proof that he had filed the petition in District Court on January 7, 2005, and relayed to Judge Hensley the statements that was made to him by Judge Card. Judge Hensley then questioned the D.A. asking " How is this man is still out of jail 4 years later?" Judge Hensley then revoked the petitioner's bail. His reason for revoking the bail was "It is out of my jurisdiction to entertain this. You'll have to remand today."

The Petitioner maintains that there was no rational basis for Judge Hensley to revoke his bail pending appeal or review by the District Court, when the petitioner had presented the Court with proof that he had filed the petition on the 7th of January, in compliance with the order given a week earlier by Judge Card.

The petitioner believes that Alaska Statue 22.07.020, gave Judge Hensley the jurisdicition and the power over actions and proceedings commenced in the Superior Court involving criminal prosecutions as well as the authority for him to continue the petitioner on bail pending appeal and review of the District Court.

Alaska Rule of Appellate Procedure 206(a)(1), states; Imprisonment—A sentence of imprisonment shall be stayed if an appeal taken and the defendant is released pending appeal.

In Ostrer v. United States, 584 F.2d 594 (1978), the court makes the following statements:

> ". . . the initial order respecting the custody or enlargement of the prisoner pending review, as also any recognizance taken, shall be deemed to cover not only review in the court of appeals but also the further possible review in this court; and only where special reasons thereof are shown to the court of appeals or to this court will that order be disturbed, or any independent order made in that regard." Quoting Benson v. California, 328 F.2d 159 (1964) and Marino v. Vasquez, 812 F.2d 499 (1987)

Furthermore, Alaska Rule of Appellate Procedure 405, states in part;

> ". . . applications for stay will be granted by the appellate court or a Justice or a Judge thereof only in accordance with rule 205 or 206."

As previously stated, the petitioner maintains that Judge Hensley revoked his bail without sufficient supporting reasons. The failure to indicate the motivating reason for revoking of bail is in and of itself an arbitrary action that violates the Eighth and Fourteenth Amendments of the United States Constitution, and Article 1 sec 11 of the Alaska Constitution.

Once a state makes provisions such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably and . . . whether the denial of bail pending appeal without a statement of reason is pro se arbitrary only if no rational basis exists in the

record to support the denial. Citing <u>Finetti v. Harris</u>, 609 F.2d 594(1979

"When the trial court fails to recognize the alternatives from which it may choose, it cannot be said that discretion was in fact exercised. When it is clear from the record that the trail court not only erred as to the scope of its power, <u>but also failed to give the defendant's motion the consideration required by law, the court is in error</u>, since the defendant is at least entitled to the court's consideration of his motion under a correct view of the law. Such an error <u>will result in reversal</u> with directions to the court to reconsider the the motion and to enter an appropriate judgement or order."
<u>Cano v. Anchorage</u>, 627 P.2d 660(1981).

It is clear to the petitioner that in the course of Judge Dan Hensley's decision, he felt that it was out of his jurisdiction to entertain the defendant's motion to be continued on bail, as Judge Hensley stated in court on January 10, 2005. It is also clear to the petitioner that Judge Hensley **failed** to recognized the alternatives from which would have been proper to continue the petitioner on bail pending review by the District Court.

**Alaska Statue 12.30.040**, states in part, "That a person who has filed an appeal **is entitled to release** in accordance with the provisions of the Bail Statue applicable to defendant's before trial as well as merit appeals." According to the case law set forth in **Ostrer**, supra, this includes review in the District Court as well.

In plain, Judge Hensley **failed** to give proper consideration of the petitioner's motion for bail under a correct view of the law and altogether **denied** the motion without the proper consideration and a reasoned decision.

page 6

In **Dobrorva v. State**, 674 P.2d 834(1984), the Honorable Judge Singleton stated as follows;

> "Nevertheless, the trial court, in exercising it's discretion, **must make a reasoned decision**. Since possibility exists that the trial court in this case **felt** he lacked discretion to grant bail pending appeal, it is necessary for us to remand this case for reconsideration."

The petitioner feels that his case, as to the bail aspect runs parallel to **Dobrorva**, as made evident by the above mentioned statements. It **must** be noted that there were, in fact, critical mistakes made by Judge Hensley concerning the issue of bail, but only the court can be the deciding party into what was right and what was wrong in Judge Hensley's decision.

Finally, the petitioner **does not** in any kind of way intends to disrespect the decision making of Judge Hensley nor the Judicial System of the State of Alaska, the petitioner is merely trying to bring to the attention of this Court the wrong that he feels has been done to him. Once again, the petitioner respectfully asks this Court to reconsider the trial court's order, that was made arbitrarily, and asks that his bail be continued, enlarged or reinstated or for this Court to grant bail pending review from this Court of his Habeas Corpus Petition, in the **Interest of Justice**.

I, hereby certify that a copy of the foregoing is being mailed to Timothy Terrell to the address of record on _April 3_ 2006.

Respectfully Submitted,

_Robert O. Davis_
Robert O. Davis, III

Dated this _3_ day of _April_ 2006, at Florence, Arizona.