Law Offices of John C. Pharr
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT O. DAVIS, III,             )<br>                                   )<br>            Petitioner,            )<br>                                   )<br>     v.                            )<br>                                   )<br> FRANK LUNA,                       )<br>                                   )<br>            Respondent.            )<br>_____) | Case No. 3:05-cv-255-TMB-JDR |

## **OBJECTIONS TO RECOMMENDATION REGARDING RESPONDENT'S PARTIAL MOTION TO DISMISS**

COMES NOW PETITIONER ROBERT O. DAVIS, III by and through his attorney of record JOHN C. PHARR of the LAW OFFICES OF JOHN C. PHARR, pursuant to Federal Rule of Civil Procedure 72(b) and submits his objections to the <u>Recommendation Regarding Respondent's Partial Motion to Dismiss</u> dated April 6, 2006.

The Petitioner pro se presented three grounds for relief under 28 U.S.C. §2254(b): (1) "whether the trial court erred in denying/failing to allow him to have a witness testify telephonic in his behalf; (2) whether the trial court erred in denying/failing to assist him financially with travel expenses to establish an adequate defense; (3) whether the trial court

erred in denying/failing to grant his motion for judgment of acquittal." <u>Memorandum in Support of Petition for Habeas Corpus Relief</u>, October 18, 2005.

The state moved to dismiss the petition on grounds 2 and 3, and the petitioner responded pro se, arguing that these grounds raised legitimate Sixth Amendment claims. <u>Opposition to Partial Motion to Dismiss Petition for Writ of Habeas Corpus</u>, December 28, 2005. The United States Magistrate Judge, Honorable John D. Roberts, issued a Recommendation that the state's motion be granted on the basis that petitioner should be procedurally defaulted as to grounds 2 and 3. The only remaining ground would be whether there was sufficient evidence to convict at trial. <u>Recommendation Regarding Respondent's Partial Motion to Dismiss</u> dated April 6, 2006.

The issue is whether petitioner's remedies as to grounds 2 and 3 were exhausted in state court. 28 U.S.C. §2254(b). "To obtain federal habeas relief, a state petitioner must exhaust the remedies available in state court...A petitioner is deemed to have exhausted state remedies if he makes a fair presentation of his federal claims to the state courts...Fair presentation requires that a state's highest court has 'a fair opportunity to consider [an appellant's constitutional claim] and to correct that asserted constitutional defect'...A procedural default occurs when a post-conviction petitioner fails to make the

substance of his claim known to the state court and can no longer raise them through any state procedure." Lounsbury v. Thompson, 374 F.3d 785, 787-88 (9th Cir. 2004)(citations omitted).

In his direct appeal to the Alaska Court of Appeals, petitioner argued in part:

> B. <u>The Superior Court Erred When It Denied The Appellant The Ability To Call Nome Police Officer Bennett And Allow Him To Testify Telephonically.</u>
>
> In criminal trials, the accused has the right to have compulsory process for obtaining witnesses in his favor. Alaska Constitution Article 1, Section 11. See also United States Constitution, Sixth Amendment.
>
> \*     \*     \*
>
> C. <u>The Superior Court Erred When It Denied The Appellant's Request That It Or The State Of Alaska, Assist Him In Paying For the Transportation Costs Of Nome Police Officer Bennett To Come To Anchorage To Testify On His Behalf.</u>
>
> In criminal trials, the accused has the right to assistance of counsel, as well as

>   the right to compulsory process. Alaska
>   Constitution Article 1, Section 11. See also
>   United States Constitution, Sixth Amendment
>   as made applicable to the State of Alaska
>   via the Fourteenth Amendment.

<u>Robert O. Davis v. State of Alaska</u>, Court of Appeals No. A-08308, *Brief of Appellant*, August 20, 2003, pages 16, 18 (attached to state's Partial Motion to Dismiss as Exhibit A).

After the Court of Appeals affirmed, petitioner's Petition for Hearing to the Alaska Supreme Court argued in part, "In summary, Mr. Davis was denied his right to present and important witness in his defense." <u>Robert O. Davis v. State of Alaska</u>, Supreme Court No. S-11597, *Petition for Hearing*, September 3, 2004, page 6 (attached to state's Partial Motion as Exhibit G).

In moving to dismiss, the state argued that "Davis failed to exhaust them [the grounds 2 and 3] in state court by failing to properly present the substance of these claims as federal claims to the Alaska Supreme Court." <u>Motion</u>, page 7.

As recognized by the Ninth Circuit in <u>Lounsbury v. Thompson</u>, 374 F.3d 785 (9th Cir. 2004), the petitioner in Mr. Davis' situation is hemmed in by Appellate Rules 303 and 304 in presenting his claims for discretionary review to the Alaska Supreme Court. See <u>Lounsbury v. Thompson</u>, 374 F.3d at 788-89 These rules created what the court called a "dilemma" for his

counsel. Id. at 788. "Criminal defense attorneys in Oregon are required to conform their arguments to two demands that are in some tension with each other: the Supreme Court's pronouncement in *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-48 [(1999)] that criminal defendants must seek discretionary review of all claims in order to meet the 28 U.S.C. §2254(b) exhaustion requirement, and Oregon's Rules of Appellate Procedure, which require that each petition for review 'shall' contain a statement concerning why the petition raises issues which have 'importance beyond the particular case.'" 374 F.3d at 788. The court held that the petitioner adequately exhausted his claim in state court. Id. at 789. [*Compare* Alaska Rule of Appellate Procedure 304(c)].

Petitioner Robert Davis fairly and as fully as possible raised the issues of his Sixth Amendment right of compulsory process. Any other conclusion is the elevation of form over substance. Petitioner therefore objects to the Recommendation.

DATED at Anchorage, Alaska, this 27th day of June 2006.

        LAW OFFICES OF JOHN C. PHARR

        s/John C. Pharr
        Attorney for Plaintiff
        Robert O. Davis, III
        733 W. 4th Ave, Suite 308
        Anchorage, Alaska 99501
        Phone: 907/272-2525
        Fax: 907/277-9859
        E-mail: jpharr@gci.net
        AK # 8211140

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on
June 27, 2006, a copy
of the foregoing was served
electronically:

Timothy W. Terrell
Office of Special Prosecutions and Appeals
tim_terrell@law.state.ak.us

s/John C. Pharr