Timothy W. Terrell
Assistant Attorney General
State of Alaska, Dept. of Law
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tim_terrell@law.state.ak.us

Attorney for Respondent Luna

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT O. DAVIS III,    )<br>                                    )<br>          Petitioner,    )<br>                                    )<br>    vs.                   )<br>                                    )<br>FRANK LUNA, Warden,    )<br>Florence Correctional Center,    )<br>                                    )<br>          Respondent.    )<br>                                    ) | Case No. 3:05-cv-255-TMB-JDR<br><br>RESPONSE TO OBJECTIONS<br>TO REPORT AND<br>RECOMMENDATION<br>REGARDING PARTIAL<br>MOTION TO DISMISS |

       Respondent Luna filed a motion to dismiss two of the three claims asserted in Davis's habeas petition, on the basis that they were procedurally defaulted in state court because Davis failed to fairly present his federal constitutional claims to the Alaska Supreme Court. This court has issued an initial report and recommendation recommending that these claims be dismissed as

procedurally defaulted. In response, Davis has filed his objections to the report and recommendation, essentially admitting that he did not properly present his claims as federal constitutional claims to the Alaska Supreme Court, but claiming that he should be excused from doing so because the Alaska Rules of Appellate Procedure's rules on petitions for hearing precluded him from doing so. Objections at 4-5. Davis's objections are without merit and this court should make the recommendation final.

In support of his argument Davis cites *Lounsbury v. Thompson*, 374 F.3d 785 (9th Cir. 2004), where the Ninth Circuit found that a habeas petitioner challenging a decision from the Oregon state courts was excused from having to fairly present his federal constitutional claims to the Oregon Supreme Court due to peculiarities of Oregon's appellate rules. *Lounsbury*, 374 F.3d at 788-89. Oregon's appellate rules required litigants petitioning the Oregon Supreme Court for discretionary review to show why their petition raised issues which "have importance beyond the particular case." *Id.* (citing Oregon Rules of Appellate Procedure 9.05(7)(f) and 9.07). In other words, to obtain review of a lower court decision, it was not enough for a litigant to show that the lower court had erred in its ruling on a federal constitutional issue, but rather the litigant was also required to show that this error satisfied the additional requirement of having "importance beyond the particular case." The Ninth Circuit found that this posed a dilemma for

Oregon petitioners in that the more specifically they articulated their claim, in light of the particular facts of their case, the more their issues would seem case-specific and not of significance beyond their case.  *Id.*  The Ninth Circuit held that this excused Lounsbury's failure to present his federal constitutional claim to the Oregon Supreme Court in more specific terms.

*Lounsbury* is inapposite.  Alaska's rules of appellate procedure do not present petitioners for discretionary review with the dilemma that Oregon's appellate rules do.  Rule 304 of the Alaska Rules of Appellate Procedure sets out the four common reasons that will justify the Alaska Supreme Court in granting a petition for hearing.  It lists them disjunctively, *i.e.*, any one of these reasons is sufficient.  Rule 304(a) provides that a decision in conflict with a United States Supreme Court decision may justify review, and that obviously could provide a basis for review of federal constitutional issues, as could Rule 304(b), which says that review may be appropriate when there is no United States Supreme Court case law on an issue.  Subsections (c)-(d) of the rule may likewise provide a basis for articulating federal constitutional claims that fall within the province of those subsections. Finally, the introductory language of the rule indicates that this list of factors is merely illustrative, not exclusive, stating, "The following, while neither controlling nor fully measuring that court's discretion indicates the character of reasons which will be considered."  Given the way Appellate Rule 304 is

formulated, petitioners may obtain review in the Alaska Supreme Court by setting forth a claim of federal constitutional error, and are not required to make any additional showing to obtain review. Accordingly, litigants in Alaska are not presented with the same dilemma as Oregon litigants in *Lounsbury*, and Davis fails to show cause for his procedural default. This court should therefore make final its initial report and recommendation.

Dated this 30th day of June, 2006, at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

s/ Timothy W. Terrell
　Assistant Attorney General
　State of Alaska, Dept. of Law
　Office of Special Prosecutions
　　and Appeals
　310 K Street, Suite 308
　Anchorage, Alaska 99501
　Telephone: (907) 269-6250
　Facsimile: (907) 269-6270
　Email:tim_terrell@law.state.ak.us

### Certificate of Service

I certify that on July 3, 2006, a copy of the foregoing Response to Objections to Report and Recommendation Regarding Partial Motion to Dismiss was served electronically on **John C. Pharr, Timothy W. Terrell** and on **None** by regular U.S. mail.

s/ **Timothy W. Terrell**