Law Offices of John C. Pharr
733 W. 4th Ave, Suite 308
Anchorage, Alaska 99501
Phone: 907/272-2525
Fax: 907/277-9859
E-mail: jpharr@gci.net
AK # 8211140

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT O. DAVIS, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANK LUNA, | ) |
| | ) |
| Respondent. | ) |
| | ) Case No. 3:05-cv-255-TMB-JDR |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW PETITIONER ROBERT O. DAVIS, III by and through his attorney of record JOHN C. PHARR of the LAW OFFICES OF JOHN C. PHARR, and opposes the state's Motion for Summary Judgment.

This point was thoroughly briefed in Petitioner's Appellant's Brief in his appeal to the Alaska Court of Appeals. This brief is in the record as Exhibit A. In its Memo in Support of its Motion for Summary Judgment, the state basically adopted and excerpted its Appellee's Brief in the same appeal, in the record as Exhibit C. Petitioner intends to rely heavily on the already-briefed issue, as set forth in the appellate briefs.

The facts from Petitioner's perspective are set forth in Exhibit A, pages A-12 to A-19. Petitioner was charged with four hand-hand cocaine sales to informant Jeremy Fish, on February 8, 2001, February 20, 2001, February 21, 2001, and February 28, 2001. While several phone calls were recorded, Fish only wore a wire for only the last two controlled buys, and these did not produce a recording as clear as "here's the drugs. Here's the money." Exhibit A, pages A-12 to A-13. Nor did the police find any of the marked buy money on Petitioner Robert O. Davis. Exhibit A, pages A-13 to A-14. The police later went through money deposited in Cook Inlet Pretrial and found one of the six marked bills from the February 28, 2001 buy. Exhibit A, pages A-15 to A-16.

Thus, the convictions rested heavily on the testimony of Jeremy Fish, who was manifestly not a credible witness. The petitioner argued before the Court of Appeals: "None of the police officers testified that they saw Mr. Davis with cocaine or any other drugs. The State's entire case rests upon the testimony of Mr. Jeremy Fish. Mr. Fish is the only witness that testified that he saw Mr. Davis with cocaine. Without Mr. Fish's testimony, the State has no case against Mr. Davis." Exhibit A, page A-20. "While the credibility of witnesses is normally left to the sole discretion of the finders of fact, which in this case was a jury, a reasonable jury could not have determined

that Mr. Fish was telling the truth and that Mr. Davis is guilty." Exhibit A, page A-21.

The state, in its Memo in Support of Motion for Summary Judgment, correctly sets forth the legal standard applicable on the instant motion, but it is instructive to note the result in that case:

> As a matter of federal constitutional law, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."... A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds. In *Jackson v. Virginia* [443 U.S. 307, 319 (1979)], the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319.
>
> After AEDPA, we apply the standards of *Jackson* with an additional layer of deference. 28 U.S.C. § 2254(d)...
>
> We note that this Circuit has not yet decided what standard applies to sufficiency of the evidence challenges under AEDPA. *See Chein*, 373 F.3d at 983; *Bruce v. Terhune*, 376 F.3d 950, 956-57 (9th Cir. 2004) (per curiam). We conclude that the Supreme Court's analysis of AEDPA in *Williams* compels the conclusion that the state court's application of the *Jackson* standard must be "objectively unreasonable." 529 U.S. at 409.

\*       \*       \*

In conducting our inquiry, we are mindful of "the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review."...

Our deference, however, is not without limit. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 154 L. Ed. 2d 931, 123 S. Ct. 1029 (2003) ("Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review.").

In recent years, the Supreme Court has held that a writ of habeas corpus based upon a claim of insufficient evidence was warranted when the state had presented no evidence that a defendant lacked a permit to operate a hazardous waste facility, a material element of the criminal offense. *Fiore v. White*, 531 U.S. 225, 226-29, 148 L. Ed. 2d 629, 121 S. Ct. 712 (2001) (per curiam). In our Circuit, we have held that a writ of habeas corpus should have been granted to a petitioner who demonstrated that no reasonable jury could have found that false statements given under oath were material to an underlying court case, an element essential to sustaining his conviction for perjury. *Chein*, 373 F.3d at 993. More closely akin to the instant case, in *Piaskowski v. Bett*, the Seventh Circuit affirmed the grant of a writ of habeas corpus to a petitioner who had been convicted of first-degree murder under a conspiracy theory based upon evidence of alleged motive, statements implying knowledge of the murder, and the testimony of two witnesses that, if taken as true, placed the petitioner at the scene of both the murder and an earlier assault of the victim. 256 F.3d at 691-93.

*       *       *

> Comparing these elements to the evidence in this case, viewed in the light most favorable to the prosecution, and all reasonable inferences that may be drawn from this evidence, we conclude that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." ...

Juan H. v. Allen, 408 F.3d 1262, 1274-76 (9th Cir. 2005).

Similarly, in the instant case, no rational trier of fact could have concluded that Petitioner Robert O. Davis III was guilty of sales of cocaine.

For these reasons the Motion for Summary Judgment should be denied.

DATED at Anchorage, Alaska, this 27th day of February 2007.

    LAW OFFICES OF JOHN C. PHARR

    s/John C. Pharr
    Attorney for Plaintiff
    Robert O. Davis, III
    733 W. 4th Ave, Suite 308
    Anchorage, Alaska 99501
    Phone: 907/272-2525
    Fax: 907/277-9859
    E-mail: jpharr@gci.net
    AK # 8211140

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on
February 27, 2007, a copy
of the foregoing was served
electronically:

Timothy W. Terrell
Office of Special Prosecutions and Appeals
tim_terrell@law.state.ak.us

s/John C. Pharr

*OPPOSITION TO STATE'S MOTION FOR SUMMARY JUDGMENT*
*Robert O. Davis III v. Frank Luna*     *Page 5 of 5*
*Case No. 3:05-cv-255-TMB-JDR*