Timothy W. Terrell
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Tim_Terrell@law.state.ak.us

Attorney for Respondent Luna

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT O. DAVIS, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:05-cv-00255-TMB |
| ) | |
| FRANK LUNA, Warden, ) | REPLY TO OPPOSITION TO |
| Florence Correctional Center, ) | MOTION FOR SUMMARY |
| ) | DISPOSITION |
| Respondent. ) | |
| ) | |

        Respondent Luna moved for summary disposition as to Davis's remaining habeas claim, *i.e.*, that his four state-court convictions for third-degree misconduct involving were not supported by sufficient evidence. In his opposition, Davis makes only a few points. He notes while several phone calls to Davis to set up the four controlled drug buys were recorded, that police informant Jeremy Fish wore a body wire on only the last two controlled buys,

and that these latter recordings did not produce statements as clear as "here's the drugs. Here's the money." Opposition at 2. Davis notes that when the police arrested him after the last controlled buy, they did not immediately find the marked buy money on his person and only later recovered one of the marked bills from money inventoried during the prison booking process. Opposition at 2. He also notes that the police did not see him with the cocaine. Opposition at 2.

      These points fail to demonstrate that his convictions were not supported by sufficient evidence, and they fail to consider the larger pattern of overall evidence with respect to each buy. As detailed in the summary disposition motion and related exhibits, the controlled buys were preceded by phone calls where Davis agreed (in coded street language) to sell cocaine, the informant Jeremy Fish and his vehicle were carefully searched by police to make sure that Fish did not have any drugs on him prior to the buys, and then Fish was sent in to make contact with Davis and buy the drugs, while the police watched from a distance to make sure that no one else was involved. Immediately after Fish obtained the drugs he would go straight to police, who again searched Fish and his vehicle and field-tested the drugs. The fact that Fish only wore a body wire on the last two buys does not undercut the sufficiency of evidence, nor does the fact that Davis and Fish did not speak in terms as clear as "here's the money, here's the drugs." Drug dealers typically speak in coded

language. The fact that the police only recovered one of the six bills from the marked buy money used on the last buy only demonstrates either Davis's resourcefulness in hiding the money after the sale, or (more likely) inadequacies in the prison booking and accounting processes. The fact that the police did not see Davis with the cocaine does not demonstrate insufficient evidence – Fish bought the cocaine from Davis under circumstances making clear that it could not have come from anyone other than Davis, and the evidence from the phone calls and body wires also demonstrates Davis's connection to the cocaine. The state's case was not based entirely on the credibility of Jeremy Fish, but in any event to the degree the state's case was based on Fish's testimony, Davis's attacks on Fish's credibility fail to demonstrate that Fish's testimony was insufficient to support his conviction. Accordingly, this court should grant the state's summary disposition motion as to the remaining sufficiency-of-the-evidence claim.

        DATED this 12th day of March, 2007, at Anchorage, Alaska.

        TALIS J. COLBERG
        ATTORNEY GENERAL

        s/ Timothy W. Terrell
          Assistant Attorney General
          State of Alaska, Dept. of Law
          Office of Special Prosecutions
            and Appeals
          310 K St., Suite 308
          Anchorage, Alaska 99501

Telephone: (907) 269-6250
Facsimile: (907) 269-6270
e-mail: Tim_Terrell@law.state.ak.us
Alaska Bar. No. 9011117

**Certificate of Service**

I certify that on March 12, 2007, a copy of the foregoing Reply to Opposition to Motion for Summary Disposition was served electronically on John C. Pharr.

<u>s/ Timothy W. Terrell</u>