UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT O. DAVIS III,<br><br>                Petitioner,<br>     vs.<br><br>FRANK LUNA, Warden, Florence Correctional Center,<br><br>                Respondent. | A05-00255 CV (TMB)<br><br>**RECOMMENDATION REGARDING RESPONDENT'S MOTION FOR SUMMARY DISPOSITION OF DAVIS' REMAINING CLAIM**<br><br>(Docket No.54) |

       The court has now before it the only remaining claim in Robert O. Davis' petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254: that his four convictions for third-degree misconduct involving a controlled substance were not supported by sufficient evidence. The respondent has moved for summary judgment on that claim. (Docket No. 54). Davis opposed said motion at docket No. 64, and the respondent replied at No. 65. For the reasons that follow, the respondent's motion should granted and Davis' petition should be denied.

## BACKGROUND

       Davis was charged with four counts of third-degree misconduct involving a controlled substance. Those charges were brought after an investigation by the Anchorage Police Department including surveillance that showed that Davis sold

1

cocaine to police informant Jeremy Fish. The police obtained a *Glass* warrant and recorded phone calls between Davis and Fish.[1]

Fish was facing burglary charges, and in order to avoid those charges being pursued he agreed to help police by purchasing cocaine from Davis. Fish bought cocaine from Davis on a total of four occasions. The evidence at trial included the steps police took in setting-up and monitoring the controlled purchases of cocaine. These included strip searching Fish and searching his automobile prior to and after each purchase. In each instance, the cocaine was field tested with positive results. He was also given recorded cash, and – excepting time inside of a dwelling to actually make some of the purchases – he was kept under surveillance by police. Telephone calls between Fish and Davis arranging for the purchases of cocaine were recorded, and on two occasions Fish was outfitted to record his conversations with Davis. On the final occasion, Davis was arrested at a parking lot.

Davis was tried before a jury. Based on the sales of cocaine to Fish, he was convicted on four counts of third-degree misconduct involving a controlled substance in violation of AS 11.71.030.

## DISCUSSION

Fish claims that there was insufficient evidence to support his convictions. To this end his opposition to the respondent's motion incorporates by reference his brief to the Alaska Court of Appeals. Specifically, he references pages 12-19 of that brief (Exhibit A in the record) and states:

> The facts from the Petitioner's perspective are set forth in Exhibit A, pages A-12 to A-19. Petitioner was charged with four hand to hand cocaine sales to informant Jeremy Fish, on February 8, 2001, February 20, 2001, February 21, 2001, and February 28, 2001. While several phone calls were recorded, Fish only wore a wire for only the last two

---

[1] Under Alaska law requires a warrant for recording conversations as part of a criminal investigation. *State v. Glass,* 583 P.2d 872 (Alaska 1978).

      controlled buys and these did not produce as clear as "here's the drugs. Here's the money." Exhibit A, pages A-12 to A-13. Nor did the police find any of the marked money on Petitioner Robert O. Davis. Exhibit A, pages A-13 to A-14. The police later went through money deposited in Cook Inlet Pretrial and found one of the six marked bills from February 28, 2001. Exhibit A, pages A-15 to A-16.

      Thus, the convictions relied heavily on the testimony of Jeremy Fish, who was manifestly not a credible witness. The petitioner argued before the Court of Appeals: "None of the police officers testified that they saw Mr. Davis with cocaine or any other drugs. The State's entire case rests upon the testimony of Mr. Jeremy Fish. Mr. Fish is the only witness that testified he saw Mr. Davis with Cocaine. Without Mr. Fish's testimony, the State has no case against Mr. Davis." Exhibit A, page A-20. "While the credibility of witnesses is normally left to the sole discretion of the finders of fact, which in this case was a jury, a reasonable jury could not have determined that Mr. Fish was telling the truth an that Mr. Davis is guilty." Exhibit A, page A-21

Obviously, Mr. Davis does not have much to offer in the way of argument. It is clear that his position and factual synopsis overlook a mountain of factual evidence. As set forth *supra*, there was in fact far more evidence surrounding the prosecution of Davis than merely the testimony of Fish. On the other hand, the testimony of Fish is entirely consonant with the other evidence against Davis.

Davis cites – at great length constituting more than half of his brief – the case of *Juan v. Allen,* 408 F.3d 1262, 1274-1276 (9th Cir. 2005) for the proposition that after viewing the evidence in a light most favorable to the prosecution, it must be objectively reasonable to conclude that any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Then, Davis simply concludes that no rational trier of fact could have concluded that he was guilty of cocaine sales. This argument is without factual support in the evidence. There is little else the court can say. Suffice it to say that the respondent has deftly summed-up the case. Davis offered no evidence that Fish got the cocaine elsewhere. There were recorded conversation, and the drug buy telephone calls and other recorded conversations were played to the jury.

Coupled with the surveillance, and other evidence, it was indeed rational to find Davis guilty. The argument that Fish was "manifestly not a credible witness" does not wash. He may have been an unsavory character, but in this case his testimony is supported by overwhelming evidence. Moreover, given that he was cooperating with the police in order to avoid criminal prosecution, it would have been as fair to conclude that he was motivated to act honestly as it would have been to doubt his testimony. Thus, respondent's the motion to deny Davis' Fourth Claim should be granted.

## CONCLUSION

For the foregoing reasons the respondent's motion for summary judgment as to the remaining (fourth) claim Davis' petition for writ of habeas corpus (Docket No. 54) should be **GRANTED,** and Davis' petition for writ of *habeas corpus* should be denied. As a house keeping matter, the court should also deny Mr. Davis' motion for summary judgment (Docket No. 6) which was been filed *pro se* and prior to the appointment of counsel and, which had been stayed at docket No. 18.

DATED this 4th day of April, 2007, at Anchorage, Alaska.

       /s/ John D. Roberts
       JOHN D. ROBERTS
       United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on April 26, 200**7  The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed **no later than the close of business on May 9, 200**7

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).