Timothy W. Terrell
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: timothy.terrell@alaska.gov

Attorney for Respondent Frank Luna

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT O. DAVIS III,      ) | |
| ) | |
| Petitioner,      ) | |
| ) | |
| vs.      ) | Case No. A05-255 Civil (TMB) |
| ) | |
| FRANK LUNA, Warden of the      ) | OPPOSITION TO MOTION |
| Red Rock Correctional Center,      ) | FOR CERTIFICATE OF |
| ) | APPEALABILITY |
| Respondent.      ) | |
| ) | |

A.   Relevant History

Davis was charged in Alaska Superior Court with four counts of third-degree misconduct involving a controlled substance in violation of AS 11.71.030, based on cocaine buys from him made on February 8th, 20th, and 21st of 2001 and March 1, 2001 by police informant Jeremy Fish. Davis was tried by a jury. After the close of evidence, Davis moved for a judgment of

acquittal, claiming that Fish was a "liar" whose testimony was completely incredible, such that there was insufficient evidence for reasonable jurors to convict. The court denied the motion. The jury then found Davis guilty on all counts.    Davis appealed his conviction to the Alaska Court of Appeals, which rejected his sufficiency-of-the-evidence claim. *See Davis v. State,* Memorandum Opinion & Judgment No. 4899, at 4-5, 2004 WL 1737546, at *2 (Alaska App., August 4, 2004). Davis also raised the sufficiency-of-the-evidence claim in his petition for hearing to the Alaska Supreme Court, which was denied on November 26, 2004.

Davis timely filed a petition for a writ of habeas corpus in this court on October 26, 2005. Docket No. 1. That petition raised three claims, *i.e.*, that: (1) his Sixth Amendment right to compulsory process gave him the right to have a witness (Nome Police Officer Daniel Bennett) testify telephonically, over the state's objection, (2) alternatively, the right to compulsory process required the state to pay Officer Bennett's transportation costs so that he could testify in person, and (3) there was insufficient evidence to support his conviction. Docket No. 1. The court granted respondent's motion to dismiss the first two claims on the basis that Davis had procedurally defaulted these claims by failing to present them to the Alaska Supreme Court. Docket No. 44. The court subsequently granted

respondent's motion for summary disposition of the remaining sufficiency-of-the-evidence claim and entered final judgment. Docket Nos. 67-68.

Davis now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2), claiming that he has made a "substantial showing of the denial of a constitutional right." Docket No. 69, at 2. Respondent opposes.

B. Standard for Evaluating a Request for a Certificate of Appealability

28 U.S.C. § 2253(c)(2) provides that a district or circuit court judge may grant a certificate of appealability where the claimant makes a "substantial showing of the denial of a constitutional right." But the Supreme Court has recognized that where federal courts are independently barred from reaching the merits of a habeas petitioner's claim based on reasons such as procedural default, that the claimant must satisfy the "substantial showing" standard not only as to his merits claim but also as to the procedural default ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). As to his first two claims, which this court concluded were procedurally defaulted, Davis's conclusory motion provides no basis for concluding that he has met the "substantial showing" standard as to either the merits or this court's procedural default ruling. Accordingly his motion for a certificate of appealability should be denied as to those claims.

Similarly, Davis fails to make a substantial showing of the denial of a constitutional right as to his sufficiency-of-the-evidence claim. "Under the [substantial showing] standard, a petitioner must 'sho[w] that reasonable jurists could debate about whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 3394 n.4 (1983)). Given the extremely deferential standard for assessing sufficiency-of-the-evidence claims in habeas cases, Davis's claim that there was insufficient evidence against him because key testimony came from a police informant is simply insufficient to satisfy the "substantial showing" standard, particularly in light of the conclusory nature of Davis's motion for a certificate of appealability. Accordingly, this court should deny Davis's request for a certificate of appealability.

Dated this 19th day of September, 2007, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

s/ Timothy W. Terrell
Assistant Attorney General
State of Alaska, Dept. of Law
Office of Special Prosecutions
    and Appeals
310 K Street, Suite 308

> Anchorage, Alaska 99501
> Telephone: (907) 269-6250
> Facsimile: (907) 269-6270
> e-mail: timothy.terrell@alaska.gov
> Alaska Bar. No.(9011117)

## Certificate of Service

I certify that on September 19, 2007, a copy of the foregoing Opposition to Petition for Certificate of Appealability was served electronically on John Pharr

> s/ **Timothy W. Terrell**